## HOPKINS v. GUARANTY STATE BANK OF LONE OAK et al. (No. 3109.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1925. Rehearing Denied Nov. 26, 1925.)

Partnership 🔑49—Declarations of another in defendant's absence held inadmissible to prove alleged partnership between defendant and such other.

In action on note wherein defendant's liability was based on alleged partnership with one who executed note, declarations of such other, not in defendant's presence, *held* inadmissible to prove alleged partnership.

Appeal from District Court, Hunt County; Newman Philips, Judge.

Action by the Guaranty State Bank of Lone Oak and others against G. C. Hopkins and another. Judgment for plaintiffs, and named defendant appeals. Reversed and remanded.

Bowman & Bowman and Clark & Clark, all of Greenville, for appellant.

H. L. Carpenter, of Greenville, for appellees.

LEVY, J. The Guaranty State Bank of Lone Oak brought the suit against Mrs. Maggie Hopkins, surviving wife of P. Hopkins, deceased, and G. C. Hopkins, to recover a personal judgment against them on two promissory notes. One of the notes, in the sum of

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(277 S.W.)

$3,120, is made payable to the order of the bank, and is signed "Hopkins Department Store, per P. Hopkins, P. Hopkins." The other note, in the sum of $1,901.45, is made payable to the order of the bank and is signed "Hopkins Dept. Store, per P. H." P. Hopkins and G. C. Hopkins were alleged to be a commercial copartnership doing business under the firm name of Hopkins Department Store. G. C. Hopkins pleaded under oath denying the alleged partnership.

As appears from the evidence, Newt Hopkins exclusively owned and carried on a commercial business at several places, one of which was at Lone Oak, under the name of Hopkins Department Store. P. Hopkins was employed by Newt Hopkins as the manager of the store at Lone Oak. In the later part of 1917 Newt Hopkins concluded to sell out his retail stores and go into the wholesale business, and to that end proposed to sell the retail business at Lone Oak to P. Hopkins. P. Hopkins then went to the Guaranty State Bank of Lone Oak and, it appears, informed the cashier of the bank of the purpose of Newt Hopkins, and asked the cashier for a loan of $2,700 to pay on the purchase price of the store at Lone Oak. The cashier agreed to lend the money, payable a year after date, and made out a note and handed it to P. Hopkins. As a circumstance to show that P. Hopkins and G. C. Hopkins jointly purchased and formed a partnership to carry on the business, the bank cashier was permitted to testify, over objection of the appellant, to the following:

"P. Hopkins came into the bank to obtain the original loan, and there was a conversation between me and him. At that time P. Hopkins was in charge of the Hopkins Department Store at Lone Oak, owned exclusively by Newt Hopkins. P. Hopkins said to me, 'Newt is going out of the retail business and is going into the wholesale business.' He then asked me for a loan, stating that he and G. C. Hopkins were buying the business out and were taking it over and going to operate it and would have to be financed to handle it. I understood G. C. Hopkins was good, and I loaned the money largely on his reputation."

The appellant objected, as competent evidence against him, to the declaration made by P. Hopkins, G. C. Hopkins not being present, that "he and G. C. Hopkins were buying the business out and were taking it over and going to operate it and would have to be financed to handle it." The bank relied entirely upon certain circumstances to show the existence of a partnership between P. Hopkins and G. C. Hopkins, and the above statement of P. Hopkins is one of the circumstances. The objection is made the basis of an assignment of error.

It is clear that the declaration was offered and admitted for the purpose of satisfying the jury of the existence of a partnership between the two persons named. The declaration bears solely upon the issue of the existence of a partnership or not, and, in view of the record, very largely brought about the first finding of the jury that a partnership did exist between them. The evidence, as heretofore held, was inadmissible, as against G. C. Hopkins, for the purpose offered. Robinson v. National Bank, 98 Tex. 184, 82 S. W. 505.

There are other objections to evidence, which, without discussion, we overruled. We do not mean to be understood, however, as holding that the report to Dunn & Co. would, as against the proper objection, be admissible evidence. The objections to the report, as made, relate entirely to the weight of evidence.

The judgment is reversed, and the cause remanded.